UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEVADA

RUTH HALL FAMILY TRUST AND
WILLIAM W. CORLESS, JR., TRUSTEE,

    Plaintiff,

v.

RIVERSIDE RESORT AND CASINO, LLC.

    Defendant

Case No. 2:24-cv-01045-JAD-MDC

# COMPLAINT FOR VIOLATIONS OF THE
# AMERICANS WITH DISABILITIES ACT AND WRONGFUL DEATH

Plaintiff RUTH HALL FAMILY TRUST, by and through WILLIAM W. CORLESS, JR., TRUSTEE, hereby files this Complaint against Defendant RIVERSIDE RESORT AND CASINO, LLC, and alleges as follows:

## I. INTRODUCTION

1. This is a civil action seeking relief for violations of the Americans with Disabilities Act, 42 U.S.C. § 12101 et seq., and for wrongful death under Chapter 41 of the Nevada Revised Statutes NRS 41.085 and NRS 41.130.

## II. JURISDICTION AND VENUE

2. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 (federal question jurisdiction) and 42 U.S.C. § 12188(a) (enforcement of ADA).

1

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claims occurred in this District.

### III. PARTIES

4. Plaintiff RUTH HALL FAMILY TRUST, by and through WILLIAM W. CORLESS, JR., TRUSTEE, is a resident of Golden Valley, AZ, and is the Trust for Ruth L. Hall, deceased.

5. Defendant RIVERSIDE RESORT AND CASINO, LLC. is a business entity with its principal place of business located at 1650 S Casino Drive, Laughlin, NV.

### IV. FACTUAL BACKGROUND

6. Ruth L. Hall was a long-time resident of the RV Park on the Defendant's property. On May 6, 2023, she and her son, James Hall, were returning to her trailer. Ms. Hall used a scooter for mobility while her son walked alongside her.

7. The RV stalls at the Defendant's property consist of a concrete pad leading to a storm drain curb on the roadway. The area surrounding the pad is comprised of dirt and rocks, and the road-to-curb transition lacks any wheelchair access modifications, presenting a significant challenge for Ms. Hall to navigate with her scooter. The scooter would often get stuck, with the bottom hitting the curb or the wheels spinning without gaining traction. To overcome this obstacle, Ms. Hall had to approach the curb at an angle.

8. Tragically, as she attempted to ride up the curb at an angle, the scooter tipped over, causing her to fall onto the roadway and break her hip. She was subsequently taken by ambulance to Sunrise Hospital in Nevada, where she underwent hip surgery. Despite four surgeries and over $2 million in medical bills, Ms. Hall's injury became infected. Sepsis set in, and she passed away on October 16, 2023. Her death resulted from the negligence of the Defendant.

## V. CLAIMS FOR RELIEF

### Count I: ADA Violation

9. Plaintiff realleges and incorporates by reference all preceding paragraphs as if fully set forth herein.

10. Defendant RIVERSIDE RESORT AND CASINO, LLC, violated the ADA by failing to provide adequate wheelchair access at their RV Park, thereby discriminating against Ms. Hall based on her disability.

11. As a direct and proximate result of Defendant's actions, Plaintiff suffered damages, including but not limited to physical injury, pain and suffering, medical expenses, and emotional distress.

### Count II: Wrongful Death

12. Plaintiff realleges and incorporates by reference all preceding paragraphs as if fully set forth herein.

13. Defendant RIVERSIDE RESORT AND CASINO, LLC, acted negligently by failing to provide safe and accessible facilities for individuals with disabilities, which directly resulted in the injuries and subsequent death of Ruth L. Hall.

14. As a direct and proximate result of Defendant's negligence, Ruth L. Hall suffered fatal injuries, and her estate and heirs have incurred significant damages, including medical expenses, loss of companionship, and emotional distress.

## VI. DAMAGES

13. Plaintiff seeks compensatory damages, punitive damages, attorney's fees, and any other relief deemed appropriate by the Court.

## VII. PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays for relief as follows:
   a. Compensatory damages in an amount to be determined at trial;
   b. Punitive damages;
   c. Injunctive relief requiring Defendant to:
      i. Make all necessary modifications to their facilities to ensure compliance with ADA accessibility standards, including but not limited to the installation of ramps, accessible restrooms, and appropriate signage;
      ii. Implement and enforce ADA-compliant policies and procedures, including staff training on ADA requirements and accommodation procedures;
      iii. Establish and maintain safety protocols and training programs to prevent future incidents similar to the wrongful death described in this complaint;
      iv. Establish a monitoring and reporting system to ensure ongoing compliance with safety and accessibility standards, with regular reports to be submitted to the court or a designated authority;
   d. Attorney's fees and costs;
   e. Any other relief the Court deems just and proper.

## VIII. JURY DEMAND

Plaintiff demands a trial by jury on all issues so triable.

Dated: May 18, 2024

Respectfully submitted,

*William W. Corless Jr.*
William W. Corless, Jr.
Trustee
Ruth Hall Family Trust
4841 N. Emery Park Rd.
Golden Valley, AZ 86413
928-391-8963
wmcorless@gmail.com