UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| Ruth Hall Family Trust, et al.,<br><br>                    Plaintiff(s),<br><br>vs.<br><br>Las Vegas Metro Police Department,<br><br>                    Defendant(s). | 2:24-cv-01045-JAD-MDC<br><br>**ORDER DENYING THE IFP APPLICATION WITHOUT PREJUDICE, WITH LEAVE TO REFILE (ECF NO. 1) AND DENYING THE MOTION TO FILE ELECTRONICALLY (ECF NO. 5)** |

The Ruth Hall Family Trust ("Trust") is the only named plaintiff and both the complaint (ECF No. 1-1) and first amended complaint (ECF No. 4) allege the trust to be acting "by and through" William Corless, Jr., the trustee. ECF No. 4. Neither pleading identifies Mr. Corless as a beneficiary of the Trust. *Id.* Though he is not a party to the action, Mr. Corless also filed on behalf of both *himself* and the Trust (1) an *Application to Proceed In Forma Pauperis* ("IFP") and (2) a *Motion for Pro Se Litigant to File Electronically* ("Motion"). ECF Nos. 1 and 5. The Court DENIES both the IFP application and the Motion. *Id.* The Court also orders Mr. Corless to find an attorney by **Monday, August 26, 2024** to represent the Trust because Trusts, like corporations or other associations, are required to appear with licensed counsel in matters before this Court.

I.  **LEGAL STANDARD**

Under 28 U.S.C. § 1915(a)(1), a plaintiff may bring a civil action "without prepayment of fees or security thereof" if the plaintiff submits a financial affidavit that demonstrates the plaintiff "is unable to pay such fees or give security therefor." The United States Supreme Court has found that only natural persons could proceed in forma pauperis. *Rowland v. California Men's Colony*, 506 U.S. 194, 202, 113 S. Ct. 716, 121 L. Ed. 2d 656 (1993). The Court acknowledged that "the lower courts have uniformly held that 28 U.S.C. § 1654, providing that 'parties may plead and conduct their own cases personally or by counsel,' does not allow corporations, partnerships, or associations to appear in federal court otherwise than through a licensed attorney." *Rowland*, 506 U.S. at 202 (citations omitted). The Ninth

Circuit has also specifically ruled that a trustee of a trust may not proceed pro se on behalf of the trust. *C.E. Pope Equity Trust v. United States*, 818 F.2d 696, 697 (9th Cir. 1987). The Ninth Circuit clarified that "[a]lthough a non-attorney may appear in propria persona in his own behalf, that privilege is personal to him . . . [and he] has no authority to appear as an attorney for others than himself." 818 F.2d at 697 (internal citations and quotations omitted).

If a plaintiff is representing the interests of the trust, and thus the beneficiaries of the trust, the plaintiff cannot be viewed as a party conducting his "own case personally" within the meaning of § 1654. See *Maisano v. Welcher*, 940 F.2d 499, 501 (9th Cir. 1991) (finding that the plaintiffs, who were both trustees and beneficiaries of the trust, lacked standing to maintain an action on behalf of the trust as pro se litigants). Even if the trust were actually an estate, the administrator or executrix of an estate may not appear pro se on behalf of the estate. *Simon v. Hartford Life and Accident Ins. Co.*, 546 F.3d 661, 664 (9th Cir. 2008) (citing *McShane v. United States*, 366 F.2d 286, 288 (9th Cir. 1966)); see also *McCardle v. Placer Title Co.*, No. CIV S 11-1927 GEB GGH PS, 2012 U.S. Dist. LEXIS 1162, 2012 WL 13042446, at *1 (E.D. Cal. Jan. 5, 2012) ("An administrator or executor of an estate may not proceed pro se when the estate has beneficiaries or creditors other than the litigant.").

**II. ANALYSIS**

Courts have determined that a trustee may not proceed pro se in a legal action on behalf of the trust he represents. Representing the interests of the trust is not equivalent to representing a trust in a legal action, which requires a licensed attorney. Mr. Corless may not proceed in this action on behalf of a Trust. For these reasons, Mr. Corless cannot file an IFP application on behalf of a Trust. A Trust cannot proceed in this Court with IFP status, which is reserved for individuals who cannot afford to pay their filing fees. Mr. Corless does not appear to be an attorney, so he cannot bring this case in this Court as a representative of the Trust. The Court notes that the Trust appears to be related to a deceased individual, Ruth Hill. Even construing Mr. Corless's position liberally, that the Trust might actually be an estate, and that Mr. Corless may be an administrator, Mr. Corless has not shown that he is the sole

beneficiary of the estate and that the estate has no creditors. In fact, plaintiff's complaint states that Ms. Hill left behind her daughter Donna Hall (sic?) and grandson Tyler Thang— and Mr. Corless alleges damages on behalf of these individuals as Ruth Hill's family. See ECF No. 4 at 3. So even if the Court construed the Trust as an estate, Mr. Corless cannot represent the estate on these facts. Mr. Corless must find an attorney to represent the Trust, or the Court will recommend that this case be dismissed.

**IT IS ORDERED that:**

1. The Ruth Family Trust's *Application to Proceed In Forma Pauperis* (ECF No. 1) is DENIED.

2. The Ruth Family Trust's *Motion for Pro Se Litigant to File Electronically* (ECF No. 5) is DENIED.

3. By **Monday, August 26, 2024,** Mr. Corless SHALL find an attorney to represent the Ruth Family Trust.

4. Failure to timely comply with this Order may result in a recommendation that this case be dismissed with prejudice.

5. The Clerk of the Court is directed NOT to issue summons. The Court will issue a screening order on the complaint after plaintiff either files a new IFP or pays the filing fee. See 28 U.S.C. § 1915(e)(2).

**NOTICE**

Pursuant to Local Rules IB 3-1 and IB 3-2, a party may object to orders and reports and recommendations issued by the magistrate judge. Objections must be in writing and filed with the Clerk of the Court within fourteen days. LR IB 3-1, 3-2. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This circuit has also held that (1) failure to file

objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983). Pursuant to LR IA 3-1, plaintiffs must immediately file written notification with the court of any change of address. The notification must include proof of service upon each opposing party's attorney, or upon the opposing party if the party is unrepresented by counsel. **Failure to comply with this rule may result in dismissal of the action.**

IT IS SO ORDERED.

DATED this 12th day of July 2024.

_____
Hon. Maximiliano D. Couvillier III
United States Magistrate Judge