**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| Ruth Hall Family Trust, et al., <br><br> Plaintiff(s), <br><br> vs. <br><br> Riverside Resort and Casino, LLC, <br><br> Defendant(s). | 2:24-CV-01045-JAD-MDC <br><br> **ORDER AMENDING PREVIOUS ORDER (ECF NO. 8) AND DENYING THE SECOND IFP APPLICATION WITHOUT PREJUDICE, WITH LEAVE TO REFILE (ECF NO. 7)** |

The Court previously denied Trustee William Corless's first in forma pauperis ("IFP") application that he filed on behalf of the Ruth Hall Family Trust ("Trust"). ECF No. 8. The Court entered the Order on July 12, 2024, but the Clerks Office did not docket the Order until July 15, 2024. See docket text at ECF No. 8. In the intervening time, Corless filed another *IFP Application* on behalf of the Trust. ECF No. 7. Since the plaintiff did not have the benefit of reviewing the Court's previous Order, the Court now amends its previous Order (ECF No. 8), DENIES plaintiff's second IFP Application without prejudice with leave to refile (ECF No. 7), and *sua sponte* allows plaintiff additional time, until **September 2, 2024**, to find an attorney to represent the Trust.

For brevity, the Court will not repeat the entire previous Order, but will instead refer to it here. As explained in the Court's previous Order, Corless cannot represent the Trust as he is not an attorney, and the Trust cannot proceed as an IFP applicant because it is an artificial entity. See ECF No. 8, citing to *Rowland v. California Men's Colony*, 506 U.S. 194, 202, 113 S. Ct. 716, 121 L. Ed. 2d 656 (1993) (Holding that only natural persons could proceed in forma pauperis.) Even construing the instant IFP Application liberally as applying only to Corless as an individual, the IFP Application is still deficient because Corless did not sign the IFP Application. See ECF No. 7 at 1. Regardless, as analyzed in more detail in the previous Order, Corless cannot proceed as the plaintiff in this case because he attempts to bring claims on behalf of a Trust, not claims on behalf of himself.

**IT IS ORDERED that:**

1. The Ruth Hall Family Trust's second *Application to Proceed In Forma Pauperis* (ECF No. 7) is DENIED.

2. By **September 2, 2024,** Trustee Corless SHALL find an attorney to represent the Ruth Hall Family Trust.

3. The rest of the Court's previous Order remains in full effect. ECF No. 8.

4. Failure to timely comply with this Order may result in a recommendation that this case be dismissed with prejudice.

5. The Clerk of the Court is directed NOT to issue summons. The Court will issue a screening order on the complaint after plaintiff either files a new IFP or pays the filing fee. See 28 U.S.C. § 1915(e)(2).

## **NOTICE**

Pursuant to Local Rules IB 3-1 and IB 3-2, a party may object to orders and reports and recommendations issued by the magistrate judge. Objections must be in writing and filed with the Clerk of the Court within fourteen days. LR IB 3-1, 3-2. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983). Pursuant to LR IA 3-1, plaintiffs must immediately file written notification with the court of any change of address. The notification must include proof of service upon

each opposing party's attorney, or upon the opposing party if the party is unrepresented by counsel.

**Failure to comply with this rule may result in dismissal of the action.**

IT IS SO ORDERED.

DATED this 17th day of July 2024.

_____
Hon. Maximiliano D. Couvillier III
United States Magistrate Judge

3